## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN
## DIVISION

Sacred Holdings, Inc.,

      Plaintiff,                                **Case No. 1:19-cv-01939**

vs.

Sacred Leaf, L.L.C.,

      Defendant.

_____/

### DEFENDANT SACRED LEAF, L.L.C.'S ANSWER TO PLAINTIFF SACRED HOLDINGS, INC.'S COMPLAINT

COMES NOW, Defendant Sacred Leaf, L.L.C. ("Sacred Leaf"), by and through its undersigned counsel, and for its Answer to Plaintiff Sacred Holdings, Inc.'s ("Sacred Holdings") Complaint, states and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for infringement of Plaintiff's federally-registered trademark SACRED MIND & BODY (Reg. No. 5,192,066) and common-law trademark HEMP SACRED (Ser. No. 88/208,529) under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Illinois, all arising from the Defendant's unauthorized use of the marks SACRED LEAF and SACRED LEAF ZERO in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's cannabidiol ("CBD") and hemp-related products.

1

**ANSWER:** Sacred Leaf admits Sacred Holdings has initiated the above-captioned matter and asserts claims against Sacred Leaf in this action, but denies the remaining allegations set forth in paragraph 1 of the Complaint.

2.    Plaintiff seeks preliminary and permanent injunctive relief and an award of profits and actual damages, among other remedies, for Plaintiff's unlawful conduct.

**ANSWER:** Sacred Leaf admits Sacred Holdings seeks the relief from this Court and against Sacred Leaf as set forth in the Complaint, but denies the remaining allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

**ANSWER:** Sacred Leaf admits this Court has original subject jurisdiction over Sacred Holdings' claims under federal law, and that this Court has supplemental jurisdiction over all other claims related to the claims within such original jurisdiction.  All other allegations set forth in paragraph 3 of the Complaint not expressly admitted herein are denied.

4.    This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Illinois and within this district, including providing wholesale services and the advertising and sale of its products through the Internet to Illinois residents.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 4 of the Complaint.

2

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendant has knowingly committed tortious acts aimed at Plaintiff and is causing harm in this state and district, and Defendant is subject to personal jurisdiction herein. Moreover, the damage to Plaintiff and Plaintiff's SACRED MIND & BODY and HEMP SACRED trademarks has occurred and continues to occur in this judicial district.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 5 of the Complaint.

## PARTIES

6.      Plaintiff has its principal place of business in Wilmette, Illinois. Plaintiff provides hemp-related products and consumer information about hemp. Plaintiff is active and in good standing with the Illinois Secretary of State.

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 6 of the Complaint and therefore denies the same.

7.      Upon information and belief, Defendant Sacred Leaf, L.L.C. is a limited liability company formed under the laws of Kansas and has retail locations in at least Kansas, Missouri, Arkansas, and Texas. Upon information and belief, Defendant provides online retail services to all consumers in the United States. Upon information and belief, Defendant was formed on December 3, 2018 and is active and in good standing with the Kansas Secretary of State.

**ANSWER:** Sacred Leaf admits it is a limited liability company formed under the laws of the State of Kansas and is active and in good standing under the laws of the State of Kansas, but denies the remaining allegations set forth in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a limited liability company organized under the laws of Illinois, and enjoys the goodwill and reputation derived from providing consumer information about hemp and hemp-related products, and selling a plethora of goods and health products derived from hemp oil.

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 8 of the Complaint and therefore denies the same.

9.     Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,192,066 registered on the Principal Register in the United States Patent and Trademark Office for the trademark SACRED MIND & BODY, and the owner of pending United States Trademark Application No. 88/208,529 for HEMP SACRED (collectively, the "SACRED Marks"). Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5,192,066, which was issued by the United States Patent and Trademark Office on April 25, 2017.

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 9 of the Complaint and therefore denies the same.

10.     Plaintiff's SACRED MIND & BODY mark is used with the following goods:

- Bath salts; massage oils in international class 003; and
- Personal lubricants in international class 005.

4

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 10 of the Complaint and therefore denies the same.

11.     Plaintiff's HEMP SACRED mark is used with the following goods and services:

- Massage oil; non-medicated bath salts; non-medicated feminine hygiene wash; skin care preparations, namely, balms; non-medicated balms for treatment of pain, all the foregoing made from hemp oil in international class 003;

- Personal lubricant, silicone based personal lubricant, oil based personal lubricant, medicated bath salts, Epsom salts, acai berry Epsom salt soak, Epsom salt soak for muscle relief, preparations for the relief of pain, lotions for the relief of pain, balms for the relief of pain, all the foregoing made from hemp oil in international class 005;

- Providing consumer information in the field of hemp-derived products; providing a website featuring consumer information about products containing hemp in international class 035; and

- Providing a website featuring information about industrial hemp, and hemp-related products in international class 041.

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 11 of the Complaint and therefore denies the same.

12.     Plaintiff has used the SACRED MIND & BODY mark in commerce throughout the United States continuously since December 1, 2014 in connection with the manufacture, distribution, provision, sale, marketing, advertising, and promotion of the goods associated with its mark. Attached as Exhibit 2 is a representative sample showing Plaintiff's use of the SACRED MIND & BODY mark in connection with these goods.

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

5

13.     Plaintiff has used the HEMP SACRED mark in commerce continuously since December 2016 in connection with the manufacture, distribution, provision, sale, marketing, advertising, and promotion of hemp and hemp-related products, and for providing information to consumers of hemp and hemp-related products.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 13 of the Complaint and therefore denies the same.

14.     As a result of its widespread, continuous, and exclusive use of the SACRED Marks to identify its goods and services, and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the SACRED Marks.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 14 of the Complaint and therefore denies the same.

15.     Plaintiff's SACRED Marks are distinctive to both the consuming public and Plaintiff's trade.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 15 of the Complaint and therefore denies the same.

16.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the SACRED Marks. Plaintiff has advertised its goods and services on local and national television networks, including TNN, NBC Chicago, CNN and Lifetime. In addition, Plaintiff has advertised and promoted the goods and services sold under the SACRED Marks through Google Ads, Amazon Advertising, Facebook, Instagram, and numerous national magazine such as *The Oprah Magazine, Delta Sky Magazine, Thrive Magazine, Southwest The Magazine,*

*Mantra Yoga + Health Magazine,* and *Mother Earth News.* From 2014 to the date of this Complaint, Plaintiff expended approximately two-hundred eighty thousand U.S. Dollars ($280,000) on the marketing, advertising, and promotion of the goods and services sold under just the SACRED MIND & BODY mark.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 16 of the Complaint and therefore denies the same.

17.     From 2014 to the date of this Complaint, Plaintiff has made sales of over one million U.S. Dollars ($1,000,000) for the goods used with Plaintiff's SACRED MIND & BODY mark.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 17 of the Complaint and therefore denies the same.

18.     Plaintiff offers and sells its goods and services under its SACRED Marks to young adults, middle-aged adults, and seniors, and to consumers seeking the benefits of a hemp lifestyle.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 18 of the Complaint and therefore denies the same.

19.     As a result of Plaintiff's considerable expenditures and efforts, the SACRED Marks have come to signify the high quality of the goods and services designated by the SACRED Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

> **ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 19 of the Complaint and therefore denies the same.

20. The SACRED Marks and the goods and services offered thereunder have received significant unsolicited coverage in various media, including from *Mountain Weekly News* and *MG Magazine.*

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 20 of the Complaint and therefore denies the same.

21. Upon information and belief, Defendant is engaged in the manufacture, sale, distribution, and provision of CBD and hemp-related products, including via an online retail store and brick-and-mortar retail stores.

**ANSWER:** Sacred Leaf admits it is engaged in business operations related to or concerning the manufacture, sale, distribution, and provision of CBD and hemp-related products, but denies the remaining allegations set forth in paragraph 21 of the Complaint.

22. Without Plaintiff's authorization, and beginning long after Plaintiff acquired protectable exclusive rights in its SACRED Marks, Defendant adopted and began using marks confusingly similar to Plaintiff's SACRED Marks, including SACRED LEAF and SACRED LEAF ZERO (the "Infringing Marks") in U.S. interstate commerce.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 22 of the Complaint.

23. The Infringing Marks adopted and used by Defendant are confusingly similar to Plaintiff's SACRED Marks. Notably, the common and identical element is "SACRED" and it is dominant as a lead word for both SACRED MIND & BODY, and SACRED LEAF.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 23 of the Complaint.

8

24.     Upon information and belief, Defendant has been engaged in the manufacture, sale, distribution, and provision of CBD and hemp-related products, including the sale of CBD and hemp-related products via an online retail store and through brick-and-mortar retail stores, using the Infringing Marks throughout the entirety of the United States. Attached as Exhibit 3 are March 18, 2019 screenshots representative of Defendant's sale of the goods and services and showing Defendant's use of the Infringing Marks.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 24 of the Complaint.

25.     Upon information and belief, the goods and services Defendant has manufactured, sold, distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks are hemp or hemp-related products and information, which is confusingly similar to that of the goods and services associated with the SACRED Marks.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 25 of the Complaint.

26.     Upon information and belief, Defendant has manufactured, sold, distributed, provided, marketed, advertised, promoted, offered for sale, and sold its goods and services under the Infringing Marks through an on-line retail store and physical retail stores.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 26 of the Complaint.

27.     Upon information and belief, Defendant has marketed, advertised, and promoted its goods and services under the Infringing Marks through the same channels, including through the Internet, as that of the Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 27 of the Complaint.

28.     Upon information and belief, Defendant offers and sells its goods and services under the Infringing Marks to the same types of consumers to whom the goods and services are offered to under the SACRED Marks.

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 28 of the Complaint and therefore denies the same.

29.     On January 30, 2019, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Marks. (Exhibit 4).

**ANSWER:** Sacred Leaf admits counsel for Sacred Holdings delivered a letter to Sacred Leaf dated January 30, 2019, but denies the remaining allegations set forth in paragraph 29 of the Complaint.

30.     On February 13, 2019, Defendant's counsel responded, stating that Defendant would continue to use the Infringing Marks.

**ANSWER:** Sacred Leaf admits counsel delivered a response to the letter from counsel for Sacred Holdings, but denies the remaining allegations set forth in paragraph 30 of the Complaint.

31.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 31 of the Complaint.

32.     Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by customers emailing and contacting Plaintiff based on an advertisement from Defendant promoting the Infringing Marks.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 32 of the Complaint.

33.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's SACRED Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to the Defendant.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 34 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement 15. U.S.C. § 1114(a)(1)**

35.     Plaintiff repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

**ANSWER:** Sacred Leaf incorporates by reference in responses to paragraph 1 – 34 as if restated herein in their entirety.

11

36.     Plaintiff owns all rights, title, and interest in and to the SACRED Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the SACRED Marks.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 36 of the Complaint.

37.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiff began using the SACRED Marks to identify its goods and services and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 37 of the Complaint.

38.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the SACRED Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 38 of the Complaint.

39.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 39 of the Complaint.

40.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of

this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition 15. U.S.C. § 1125(a)(1)(A)

41.     Plaintiff repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

**ANSWER:** Sacred Leaf incorporates by reference in responses to paragraph 1 – 40 as if restated herein in their entirety.

42.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 42 of the Complaint.

43.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 43 of the Complaint.

44.     Upon information and belief, Defendant's conduct as alleged herein is willful and intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 44 of the Complaint.

45.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 45 of the Complaint.

46.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 46 of the Complaint.

47.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 47 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Illinois Deceptive Trade Practices

48.     Plaintiff repeats and realleges paragraphs 1 through 47 hereof, as if fully set forth herein.

**ANSWER:** Sacred Leaf incorporates by reference in responses to paragraph 1 – 47 as if restated herein in their entirety.

49.     This Claim is based on unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*).

**ANSWER:** Sacred Leaf is without sufficient information to admit or deny the allegations set forth in paragraph 49 of the Complaint and therefore denies the same.

50.     Plaintiff has used and is currently using marks confusingly similar to the SACRED Marks to identify its goods and services and to distinguish them from the goods and services of others.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 50 of the Complaint.

51.     Plaintiff owns all rights, title, and interest in and to the Plaintiff's SACRED Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the SACRED Marks in this district.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 51 of the Complaint.

52.     Defendant's unauthorized use of marks confusingly similar to the SACRED Marks for its services is likely to cause confusion, mistake or deception as to source, affiliation, connection or association of Defendant's goods with Plaintiff, or as to the sponsorship, approval or affiliation of Defendant with Plaintiff in violation of 15 U.S.C. § 1114.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 52 of the Complaint.

53.     Defendant adopted and used the Infringing Marks with either actual and constructive notice or knowledge (pursuant to 15 U.S.C. § 1072) of Plaintiff's superior exclusive rights in the SACRED Marks.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 53 of the Complaint.

54.     Defendant has refused to cease using the Infringing Marks despite Plaintiff's requests that it do so. Defendant's actions therefore constitute knowing, deliberate and willful infringement of Plaintiff's SACRED Marks and make this an exceptional case under 15 U.S.C. § 1117(a).

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 54 of the Complaint.

55.     As a result of Defendant's knowing, deliberate, and willful infringement of marks confusingly similar to Plaintiff's SACRED Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 55 of the Complaint.

56. Defendant will continue such infringement unless enjoined by this Court.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

57.     Plaintiff repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

16

**ANSWER:** Sacred Leaf incorporates by reference in responses to paragraph 1 – 56 as if restated herein in their entirety.

58.     Plaintiff owns all rights, title, and interest in and to the SACRED Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the SACRED Marks in this district.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 58 of the Complaint.

59.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiffs began using the SACRED Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 59 of the Complaint.

60.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 60 of the Complaint.

61.     By reason of its acts, Defendant has committed trademark infringement under Illinois common law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 61 of the Complaint.

17

62.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 62 of the Complaint.

63.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 63 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## Common Law Unfair Competition

64.     Plaintiff repeats and realleges paragraphs 1 through 63 hereof, as if fully set forth herein.

**ANSWER:** Sacred Leaf incorporates by reference in responses to paragraph 1 – 63 as if restated herein in their entirety.

65.     Plaintiff owns all rights, title, and interest in and to the SACRED Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the SACRED Marks in this district. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiffs began using the SACRED Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized,

endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 65 of the Complaint.

66.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 66 of the Complaint.

67.     By reason of its acts, Defendant has committed unfair competition under Illinois common law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 67 of the Complaint.

68.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 68 of the Complaint.

69.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

**ANSWER:** Sacred Leaf denies the allegations set forth in paragraph 69 of the Complaint.

WHEREFORE, Defendant Sacred Leaf, L.L.C. prays this Court:

A.  Enter an Order denying the relief requested by Plaintiff Sacred Holdings, Inc.;

19

B. Deny Plaintiff Sacred Holdings, Inc. the aware of attorneys' fees and costs; and

C. Award Defendant Sacred Leaf, L.L.C. its attorneys' fees and costs and any and other further relief as this Court deems just and equitable.

## JURY DEMAND

Defendant Sacred Leaf, L.L.C. demands a trial by jury on all counts and issues so triable.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant Sacred Leaf, L.L.C., and pursuant to Fed. R. Civ. P. 8(c), submits its Affirmative Defenses to the Complaint as follows:

### FIRST DEFENSE

1.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.     The claims made in the Complaint and relief sought by Sacred Holdings therein are barred, in whole or in part, on the basis that Sacred Leaf had continuous prior use of the marks at issue without knowledge of any use claimed by Sacred Holdings.

### THIRD DEFENSE

3.      The claims made in the Complaint and relief sought by Sacred Holdings therein are barred, in whole or in part, on the basis that Sacred Leaf had continuous use of the marks at issue prior to Sacred Holdings' application for registration of the marks at issue.

### FOURTH DEFENSE

4.     The claims made in the Complaint are barred, in whole or in part, by Sacred Holdings' failure to mitigate its damages, if such damages exist.

### FIFTH DEFENSE

5.     As a result of Sacred Holdings' actions, Sacred Holdings are not entitled to equitable relief, including Sacred Holdings' request for injunctive relief as it has an adequate remedy at law.

## SIXTH DEFENSE

6.     The claims made in the Complaint and the relief sought by Sacred Holdings for enhanced damages and an award of attorneys' fees and costs have no basis in fact or law as there was no willful infringement by Sacred Leaf.

## SEVENTH DEFENSE

7.     The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of the marks at issue.

## EIGHTH DEFENSE

8.     Without admitting the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Sacred Leaf in the Complaint, and the relief prayed for in the Complaint cannot be granted.

## NINTH DEFENSE

9.     Sacred Leaf adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable state or federal statute or regulation), to the extent the facts known at this time would make any of the said defenses available or facts developed in the future would make the same, or any additional unknown defenses, available.  No affirmative defense is waived.

WHEREFORE, Defendant Sacred Leaf, L.L.C. prays for an Order denying the relief Plaintiff Sacred Holdings, Inc. seeks in its Complaint, and for other relief deemed just and equitable by this Court.

Respectfully submitted,

FAGAN & EMERT, L.L.C.

/s/ Mark T. Emert
Mark T. Emert
Kansas Bar No. 22186

730 New Hampshire, Suite 210
Lawrence, Kansas 66044
(785) 331-0300 - Telephone
(785) 331-0303 - Facsimile
memert@faganemert.com
Admitted Pro Hac Vice

And

Steven L. Wiser
steve@thorelli.com
Illinois Bar. No. 6244922
Nathaniel T. Cutler, Esq.
Nathaniel@thorelli.com
Illinois Bar No. 6295591
THORELLI & ASSOCIATES
70 West Madison Street, Suite 5750
Chicago, Illinois 60602
Tel: (312) 357-0300
Fax: (312) 357-0328
*Attorneys for Defendant,*
*SACRED LEAF, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of October, 2019, a true and correct copy of the above and foregoing was filed with the Court via the ECF filing system, with delivery of a copy via electronic mail upon the following:

Marcus Stephen Harris - ARDC No. 6269909
Jeffrey Kuo ARDC No. 6324204
TAFT STET INIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
(312) 840-4320
mharris@taftlaw.com
jkuo@taftlaw.com
Attorneys for Sacred Holdings, Inc.

/s/ Mark T. Emert
Mark T. Emert