**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SACRED HOLDINGS, INC., | |
| Plaintiff, | |
| v. | Case No.: 1:19-cv-01939 |
| SACRED LEAF, L.L.C. (a Kansas limited liability company), SACRED LEAF, L.L.C. (a Texas limited liability company), ALTERNATIVE HEALTH AND WELLNESS, LLC, ETCB, LLC, SACRED LEAF ZERO, LLC, SAGE MARKET, LLC, SL ZERO, LLC, SLZ, LLC, and WELLNESS MARKET, LLC, | Judge Honorable John F. Kness<br><br>Magistrate Judge Honorable M. David Weisman |
| Defendants. | |

## JOINT STATUS REPORT

On April 30, 2020, this Court issued a Standing Order (Dkt. No. 67) that the parties file a joint status report by May 18, 2020. The parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) and submit the following:

**I.**    **Nature of the Case**

    A.    <u>Identify the attorneys of record for each party, including the lead trial attorney.</u>

Plaintiff Sacred Holdings, Inc.
Attorneys:
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Lead trial attorney: Marcus S. Harris

Defendant Sacred Leaf, LLC's (a Kansas limited liability company) (hereinafter
"Defendant")
Attorneys:
Thorelli & Associates
70 West Madison Street
Suite 5750
Chicago, Illinois 60602
Lead trial attorney: Nathaniel Tisdale Cutler

Fagan & Emert, LLC
730 New Hampshire, Suite 210
Lawrence, Kansas 66044
Appearing Pro Hac Vice: Mark T. Emert

Newly named defendants Sacred Leaf, LLC (a Texas limited liability company),
Alternative Health and Wellness, LLC, ETCB, LLC, Sage Market, LLC, SL Zero, LLC, and SLZ,
LLC all waived service pursuant to Fed. R. Civ. P. 4 (*See* Dkt. Nos. 60-64). Their waiver forms
were signed by Mark T. Emert of Fagan & Emert, LLC. Their answers/responsive pleadings and
appearances are pending.

Newly named defendants Sacred Leaf Zero, LLC and Wellness Market, LLC have not yet
been served.

B.    Basis for Federal Jurisdiction.

Federal jurisdiction in this Court is appropriate because this is a case of federal question
with allegations brought under the Lanham Act for trademark infringement and Federal Unfair
Competition, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). The state
claims alleged are appropriate before this Court pursuant to the principles of supplemental
jurisdiction under 28 U.S.C. §1367(a).

C.    Briefly describe the nature of the claims asserted in the complaint and the
counterclaims and/or third-party claims and/or affirmative defenses.

The Complaint (Dkt. No. 1) alleges Federal Trademark Infringement, Federal Unfair
Competition, Illinois Deceptive Trade Practices, Common Law Trademark Infringement, and

2

Common Law Unfair Competition. Defendant filed an Answer to the Complaint with nine Affirmative Defenses (Dkt. No. 32).

On March 11, 2020, Plaintiff filed its First Amended Complaint (Dkt. No. 57) naming eight additional defendants identified in discovery. Six of the newly named defendants (Sacred Leaf, LLC (a Texas limited liability company), Alternative Health and Wellness, LLC, ETCB, LLC, Sage Market, LLC, SL Zero, LLC, and SLZ, LLC) waived service on March 24, 2020. Per the Court rules, these defendants have 60 days to answer the complaint, or May 26, 2020. (Dkts. 60-65) However, due to the COVID orders entered by the court, this deadline was been extended first by 21 days, then 28 days, then an additional 28 days to August 11, 2020. While these defendants reserve the right to answer the First Amended Complaint by August 11, 2020, they intend to file answers near the start of July 2020.

Plaintiff is unable to serve the two remaining defendants for whom waiver of service was not appropriate (Sacred Leaf Zero, LLC and Wellness Market, LLC) due to the COVID orders that preclude sending a Sheriff to serve a newly summons and complaint. Defendants' counsel has indicated that it will see whether these two entities will accept service without the need for a Sheriff to execute a summons. Notwithstanding, these defendants will have every right and extension afforded to them under any future orders entered by the Court, whether COVID related or otherwise.

      D.    <u>Describe the relief sought by the plaintiff(s). Quantify the damages, if any. (A ballpark estimate is acceptable and will not be admissible; it is simply to give the Court a feel for the case.)</u>

Plaintiff seeks a permanent injunction against Defendants from manufacturing, distributing, providing, selling, marketing, advertising, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote Defendants' goods and services confusingly similar to Plaintiff's goods and services bearing the mark SACRED LEAF or

SACRED LEAF ZERO or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SACRED Marks. Plaintiff also seeks the destruction of all Defendants' goods that bear the marks SACRED LEAF, SACRED LEAF ZERO, or any confusingly similar mark to Plaintiff's SACRED Marks. Plaintiff also seeks a permanent injunction against Defendants from attempting to register, and to abandon with prejudice any existing applications to register, the marks SACRED LEAF, SACRED LEAF ZERO, or any confusingly similar mark to Plaintiff's SACRED Marks.

Plaintiff seeks all profits realized by Defendants for their wrongful acts in violation of Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and three times its actual damages in accordance with the same. Plaintiff also seeks its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a). It is premature for Plaintiff to calculate or provide an estimate of its damages as Plaintiff still has to complete discovery into defendants' profits.

    E.    <u>List the names of any parties who have not yet been served.</u>

Sacred Leaf Zero, LLC

Wellness Market, LLC

## II.    <u>Discovery and Pending Motions</u>

    A.    <u>Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any. Have any of the pending motions been mooted? Do any of the pending motions no longer require a ruling for any other reason?</u>

There are no pending motions.

    B.    <u>Is this case in the "Mandatory Initial Discovery Pilot" (MIDP) Project? (Information about the MIDP can be found on the Northern District of Illinois home webpage, under "Resources & Information.") If the case is subject to MIDP, the parties should be prepared to report on the status of compliance with the MIDP and any upcoming MIDP deadlines.</u>

No, this case is not in the MIDP Project.

C.    What is the current discovery schedule?

The original fact discovery close date was set for April 17, 2020 (Dkt. No. 45). However, the General Orders entered arising from the COVID-19 pandemic—most recently General Order 20-0012—have pushed this date to July 3, 2020. Given the outstanding answers to the Amended Complaint and un-served defendants, the parties will need to move this deadline. Before July 3, 2020, the parties will meet and confer to submit to this Court an agreed amended fact discovery close date that will take into account whether plaintiff can serve all remaining defendants, when all defendants can appear and answer the Amended Complaint, when all parties can serve and answer written discovery, and when depositions can be safely completed.

D.    Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery, and state whether discovery has been bifurcated. Describe any discovery that the parties still need to complete. Do the parties anticipate that they will complete discovery by the current deadline?

Plaintiff and Defendant Sacred Leaf, LLC (Kansas) have exchanged written discovery, including more than one set of interrogatories, requests for production, and requests for admission. The parties are in the process of producing or supplementing responsive documents to written discovery. Plaintiff's counsel also took the deposition of Sacred Leaf, LLC's 30(b)(6) witness—Trevor Burdett—on February 11, 2020.

Prior to amending its complaint, Plaintiff issued subpoenas to these entities named in its amended complaint. These subpoenas remain outstanding, and Plaintiff and the newly served defendants still need to exchange discovery.

The parties anticipate that additional depositions of any witnesses will depend on what the parties learn through discovery.

E.    Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)

Defendant's Motion to Dismiss was denied on September 19, 2019 (Dkt. No. 31).

Plaintiff's Motion for Leave to File its First Amended Complaint was granted on March 11, 2020 (Dkt. No. 56).

F.     <u>Briefly describe any anticipated motions.</u>

At the close of discovery, if the evidence is warranted, Plaintiff intends to file a Motion for Summary Judgment.

Similarly, Defendants intend to file a Motion for Summary Judgment at the close of discovery based on Plaintiff's document production and other evidence that may be developed in this matter.

## III.  <u>Trial</u>

A.     <u>Have any of the parties demanded a jury trial?</u>

Yes, Plaintiff included a jury trial demand with the initial complaint.

B.     <u>What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?</u>

There is no set trial date, and the parties will be ready for trial in June 2021.

C.     <u>Have the parties filed a final pretrial order? If not, when is the deadline for the filing?</u>

No, the parties have not filed a final pretrial order because no scheduling order has been entered yet for this case.

D.     <u>Estimate the length of trial.</u>

8 days.

## IV.  <u>Settlement, Referrals, and Consent</u>

A.     <u>Have any settlement discussions taken place? If so, what is the status? Has the plaintiff issued a written settlement demand? And if so, did the defendant respond</u>

in writing? (Do not provide any particulars of any demands or offers that have been made.)

The parties briefly discussed settlement terms in November 2019 by telephone, with Plaintiff proposing settlement terms. Sacred Leaf, LLC rejected those terms in a November 4, 2019 email. The parties have not had settlement discussions since then.

B.      Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

No.

C.      Do the parties wish to request a settlement conference [before] the assigned Magistrate Judge?

Plaintiff is willing to have a settlement conference before an assigned Magistrate Judge.

D.      Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?

The parties have informed their respective clients about proceeding before the Magistrate Judge for all purposes of the litigation, including trial. However, they have not yet reached unanimous consent to do so. The parties continue to work together and with their respective clients to identify which aspects, if not all, of this litigation they consent to proceeding before Magistrate Weisman.

V.      **Other**

A.      Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

Plaintiff would like a scheduling order set in this case if possible given the COVID orders and restrictions on the parties. One was not previously set by Judge Pallmeyer. Plaintiff also pushed for settlement in this case via private mediation but could not get agreement from Defendant to participate given how far the parties were in their opening offers. Plaintiff is again

willing to consider going the route of settlement via private mediation if the Defendant wishes to do so at this time.

      B.    <u>Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)</u>

Defendant maintains its willingness to mediate this dispute. In the first instance when mediation was discussed, Plaintiff's opening offer was deemed by Defendant to be so far from what Defendant was willing to negotiate that Defendant declined the opportunity to mediation and instead sought to complete discovery. If the parties are willing to discuss parameters as to how far each party is willing to move towards a possible settlement now that discovery is partially compete, Defendant will certainly entertain the possibility of mediation once again.

Dated: May 18, 2020

Respectfully submitted,

/s/Mark Emert

Nathaniel T. Cutler
THORELLI & ASSOCIATES, P.C.
70 West Madison Street, Suite 5750
Chicago, Illinois 60602
Tel: (312) 357-0300
nathaniel@thorelli.com

Mark Emert (appearing *pro hac vice*)
FAGAN & EMERT, LLC
730 New Hampshire, Suite 210
Lawrence, Kansas 66044
memert@faganemert.com

*Attorney for Defendants,* Sacred Leaf,
L.L.C. (a Kansas limited liability
company), Sacred Leaf, LLC (a Texas
limited liability company), Alternative
Health and Wellness, LLC, ETCB,
LLC, Sage Market, LLC, SL Zero,
LLC, and SLZ, LLC

/s/ Lamis G. Eli

Marcus Stephen Harris
Adam Wolek
Jeffrey Kuo
Lamis G. Eli
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
(312) 840-4320
mharris@taftlaw.com
awolek@taftlaw.com
jkuo@taftlaw.com

*Attorneys for Plaintiff,* Sacred Holdings, Inc.

8